UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>,

    Plaintiff,

v.

R<small>HONDA</small> N<small>ELSON</small>,

    Defendant.

_____/

Case No. 16-cr-20328

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
D<small>AVID</small> R. G<small>RAND</small>

**O<small>PINION AND</small> O<small>RDER</small> D<small>ENYING</small> W<small>ITHOUT</small> P<small>REJUDICE</small> D<small>EFENDANT</small>'<small>S</small>
M<small>OTION FOR</small> R<small>EVOCATION OF</small> D<small>ETENTION</small> O<small>RDER</small> [30]**

**I. I<small>NTRODUCTION</small>**

On May 5, 2016, a grand jury indicted Rhonda Nelson ("Defendant" or "Nelson") on thirteen counts of Conspiracy to Possess with Intent to Distribute Controlled Substances, Unlawful Distribution of Controlled Substances, and Conspiracy to Commit Healthcare Fraud. *See* Dkt. No. 24, pp. 4–8 (Pg. ID No. 150–54). At Nelson's March 25, 2016 detention hearing, Magistrate Judge David R. Grand determined that detention was warranted. Nelson is also being held pursuant to a supervised release violation regarding charges of bank fraud before Judge Robert Cleland.

In preparation for the hearing, a Pre-Trial Services officer prepared a report recommending that Defendant be detained. Dkt. No. 16, pp. 4–7 (Pg. ID No. 138–

41). In a written order entered following the hearing, Magistrate Judge Grand found, by clear and convincing evidence, that "the government easily satisfied its burden with respect to Nelson's dangerousness to the community and risk of flight." *Id.* at 6. Magistrate Judge Grand also found that the following four factors all weighed against Defendant's release: (1) the nature and circumstances of offense; (2) the weight of the evidence; (3) Defendant's history and characteristics; and (4) the nature and seriousness of the danger to the community posed by Defendant's release. *Id.* at 6–7; 18 U.S.C. § 3142(g).

Nelson has now filed a motion for revocation of the detention order, arguing that the change of circumstances warrants new consideration. Dkt. No. 30, p. 3 (Pg. ID No. 175). On June 30, 2016, the Court conducted a de novo hearing on the Defendant's Motion for Revocation of Detention Order. For all of the reasons stated below, Defendant's Motion [30] is **DENIED**.

## II. LEGAL STANDARD

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Generally, in order for a defendant to be detained, the government must establish the (1) "risk of flight by a preponderance of the evidence" or (2) "dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Pre-trial detention shall be

ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

However, for certain categories of defendants, there is a rebuttable presumption in favor of detention. *Stone*, 608 F.3d at 945. The presumption of detention applies where a judicial officer finds there is probable cause to believe that a defendant committed one of the crimes listed in 18 U.S.C. § 3142(e)(3). *Id*. A grand jury's indictment is sufficient to establish probable cause that a defendant committed the crime with which he is charged. *Id*. Accordingly, the government has fulfilled its burden to establish a presumption in favor of detention when it presents an indictment including charges listed under section 3142(e)(3). *Id*.

Once the government satisfies its burden of establishing the presumption of detention, the defendant may rebut it by producing at least some evidence that "[s]he does not pose a danger to the community or a risk of flight." *Id*. (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). If the defendant satisfies her burden of production, the court still considers the presumption favoring detention among the factors to be weighed. *Id*. The other statutorily prescribed factors to be weighed are: "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . .; and (4) the nature and

seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g).

A district court performs a *de novo* review of a magistrate's order of pretrial detention. *United States v. Williams*, 948 F. Supp. 692, 693 (E.D. Mich. 1996).

### III. DISCUSSION

In performing a *de novo* review of the evidence and legal issues relevant to Defendant's Motion, the Court will not accord deference to Magistrate Judge Grand's conclusions. *See id*.

Since Nelson is charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," there is a rebuttal presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

After weighing all four factors properly considered under section 3142(g), the Court finds continued detention is appropriate.

**A. Nature and Circumstances of the Offenses Charged**

The first factor requires that the Court consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a

minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1).

In the present case, Nelson was indicted by a grand jury and charged with thirteen offenses: one count of Conspiracy to Distribute Controlled Substance, 21 U.S.C. § 841(a)(1), 846; eleven counts of Controlled Substance—Sell, Distribute, or Dispense, 21 U.S.C. § 841(a)(1); and one count of Attempt and Conspiracy to Commit Fraud, 18 U.S.C. § 1349. Accordingly, as the offenses charged involve controlled substances, this factor favors detention.

### B. Weight of the Evidence Against the Defendant

The second factor the Court must consider is the weight of the evidence against Defendant. 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948.

There are two primary concerns: the danger Defendant poses to others and her risk of flight. First, considering the evidence of Defendant's dangerousness, the Court notes her lengthy history of violent conduct. As a minor, she was convicted of battery against a member of her family. A decade later, under the influence of intoxicants, she threatened to kill her husband and daughter while holding a knife and hit her husband, resulting in a conviction of domestic violence. She has even used her vehicle as a weapon, resulting in a conviction for felonious assault.

Furthermore, her violent behavior has not only been directed at others, but also at herself. Defendant has attempted suicide on at least one occasion and also threatened to commit suicide more recently, while being detained in connection with a domestic dispute in December 2015. Such conduct is ample evidence of the danger that she poses to herself and others.

Additionally, there are numerous facts that indicate Defendant is a flight risk. Although she appeared voluntarily at her initial appearance, Defendant has previously failed to appear for sentencing twice after being convicted of different crimes. She has fled the scene of a crime after striking an individual with her car. Defendant has also had her probation revoked in the past for her failure to report. Furthermore, there is evidence that Defendant has access to large amounts of monetary resources. Search of her home in connection with these charges resulted in seizure of $424,467 cash. Defendant also recently received a $50,000 wire transfer from her co-defendant's sister, a co-defendant whose 1.5 million dollar trust fund account Defendant maintains power of attorney over. All of this evidence, taken together, shows by a clear preponderance of the evidence that Defendant has the financial resources, proclivity, and incentive to flee, rather than risk a lengthy prison sentence.

Such risks are not easily mitigated, even within the confines of a defendant's home. Defendant suggests that she be subject to 24-hour electronic monitoring in

her home other than doctors' appointments or meetings with defense counsel; and that she be drug-tested regularly, even on a daily basis. Although electronic monitoring may alleviate the risk of flight, it does not reduce the danger that Defendant may pose to herself and her family if detention is revoked.

### C. Defendant's History and Character

The third factor requires that the Court review the history and characteristics of the Defendant, which are statutorily separated into two categories. The first category examines the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The second category asks "whether, at the time of the current offense or arrest, [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Although Defendant has familial support in the local area, this support has not previously stopped her from engaging in criminal activity. She has previously committed other offenses while on federal supervised release, and there is evidence that the present criminal acts continued even after her co-defendant's medical

-7-

license was suspended. Defendant's long and continuous history of criminal offenses, including acts of violence, weighs against pretrial release.

Additionally, as noted above, Defendant has a history of failing to appear at previous court proceedings. Although she appeared voluntarily at her initial appearance in the present case, she has frequently failed to appear for sentencing of her prior convictions.

### D. Nature and Seriousness of the Danger to Any Person Or the Community Posed By Defendant's Release

The fourth and final factor demands that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(4). For all of the reasons explained above, this factor weighs in favor of a finding that Defendant poses a danger and should be detained.

### IV. CONCLUSION

The Court finds, by clear and convincing evidence, that there is not any condition or set of conditions of release that can adequately protect the community from the danger posed by Nelson. Nelson has a well-documented history of failing to comply with the most basic condition of probation—that she not commit any additional crimes—and the Court has found that each of the four section 3142(g)

factors weighs in favor of pretrial detention. Furthermore, the Court additionally finds by a preponderance of the evidence that Nelson poses a risk of flight.

Accordingly, for the reasons stated above, Defendant's Motion for Revocation of Detention Order [30] is **DENIED** without prejudice.

IT IS SO ORDERED.


Dated: July 7, 2016                    s/Gershwin A. Drain
   Detroit, Michigan                GERSHWIN A. DRAIN
                                              United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **July 7, 2016.**

                                              s/Tanya R. Bankston
                                              TANYA R.BANKSTON
                                              Case Manager & Deputy Clerk